# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# EIKINS

**NATHANIEL FLOYD,**

    Plaintiff,

  v.

                                         **CIVIL ACTION NO. 2:15-CV-25**
                                                 **(BAILEY)**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT & RECOMMENDATION

## I. INTRODUCTION

On this day, the above styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 17]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on January 20, 2016, wherein he recommends that defendant's Motion for Summary Judgment [Doc. 14] be granted and plaintiff's Motion for Judgment on the Pleadings [Doc. 12] be denied. On February 2, 2016, plaintiff timely filed objections to the R&R [Doc. 18]. Having been fully briefed, this matter is now ripe for consideration. For the reasons set forth below, this Court adopts Magistrate Judge Seibert's R&R.

1

## II. BACKGROUND

On April 2, 2015, plaintiff filed his Complaint [Doc. 1] seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). By standing order of the Court, this case was referred to United States Magistrate Judge James E. Seibert for proposed findings of fact and a recommended disposition. Thereafter, plaintiff filed a Motion for Judgment on the Pleadings [Doc. 12] on July 17, 2015, and defendant filed a Motion for Summary Judgment [Doc. 14], on August 12, 2015. The magistrate judge filed his Report and Recommendation on January 20, 2016, concluding that the ALJ made no legal errors and substantial evidence supported the ALJ's decision [Doc. 17]. Accordingly, the R&R recommends that the ALJ's decision be affirmed, the plaintiff's Motion for Judgment on the Pleadings be denied, and the defendant's Motion for Summary Judgment be granted [Id.]. Thereafter, plaintiff timely filed his Objections [Doc. 18] on February 2, 2016.

## III. APPLICABLE LAW

A. Standard of Review:

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See **Oripano v. Johnson,** 687 F.2d 44 (4th Cir. 1982); *citing* **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). General objections to the magistrate judge's report and recommendation, reiterating arguments already presented, lack the

specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object. *Veney v. Astrue*, 539 F.Supp.2d 841, 845 (W.D. Va. 2008); citing *United States v. Midgette*, 478 F.3d 616, 621-622 (4th Cir. 2007). Because plaintiff filed timely objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made. The remainder will be reviewed for clear error.

### B. Judicial Review of an ALJ Decision:

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." *See* 42 U.S.C. § 405(g). An administrative law judge's ("ALJ") findings will be upheld if supported by substantial evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is that which a 'reasonable mind might accept as adequate to support a conclusion.' *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the 'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.' *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of

3

disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. ***Meyer v. Astrue***, 662 F.3d 700, 704 (4th Cir. 2011) (citing ***Craig v. Chater***, 76 F.3d 585, 589 (4th Cir. 1996)). Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. ***King v. Califano***, 599 F.2d 597, 599 (4th Cir. 1979). 'This Court does not find facts or try the case *de novo* when reviewing disability determinations.' ***Seacrist v. Weinberger***, 538 F.2d 1054, 1056-57 (4th Cir. 1976)." ***Hays v. Sullivan***, 907 F.2d 1453, 1456 (4th Cir. 1990).

C. <u>Five-Step Evaluation Process</u>:

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2004). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

4

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

[Before the fourth step, the [RFC] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]

(iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (2015); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. ***Richardson v. Califano***, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. ***Hicks v. Gardner***, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

## IV. DISCUSSION

In response to the magistrate judge's R&R, plaintiff asserts a single objection. Namely, plaintiff contends that the magistrate judge erred in finding that the ALJ properly evaluated Floyd's credibility [Doc. 18 at 2].

A. Standard of Review for Addressing Objections to the ALJ's Credibility Determination:

This Court begins by noting the standard of review for addressing plaintiff's objections to the ALJ's credibility assessment. "Because he had the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning these questions are to be given great weight." **Shively v. Heckler**, 739 F.2d 987, 989 (4th Cir. 1984) (*citing* **Tyler v. Weinberger**, 409 F. Supp. 776 (E.D. Va. 1976)). As Judge Frederick P. Stamp has held, "[a]n ALJ's credibility determinations are 'virtually unreviewable' by this Court." **Ryan v. Astrue**, 2011 WL 541125 at *3 (N.D. W.Va. February 8, 2011) (*citing* **Darvishian v. Green**, 404 Fed.Appx. 822, 831 (4th Cir. 2010)). This Court will reverse an ALJ's credibility determination only if the claimant can show it was 'patently wrong.'" **Emigh v. Commissioner of Social Sec.**, 2015 WL 545833 at *22 (N.D. W.Va. February 10, 2015) (*citing* **Powers v. Apfel**, 207 F.3d 431, 435 (7th Cir. 2000)).

An ALJ must consider all of the evidence in the record when making a credibility determination. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. **Hammond v. Heckler,** 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to an ALJ's discretion, such determinations shall not be sustained if based on improper criteria. **Breeden v. Weinberger,** 493 F.2d 1002, 1010 (4th Cir. 1974) ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor. But

6

administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained."). Moreover, SSR 96-7P states,

> [t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

SSR 96-7P (S.S.A.), 1996 WL 374186 at *4.

B. <u>Plaintiff Has Not Demonstrated that the ALJ Was Patently Wrong in Making Her Credibility Determination, and Her Decision is Supported by Substantial Evidence</u>:

Before discussing the arguments raised in the objection, this Court must first address the initial premise of plaintiff's objection. Plaintiff asserts that, "[b]ecause the Magistrate Judge agreed with the ALJ's finding, [he] did not fully consider the validity of Floyd's argument . . .." This is an untenable proposition. First, Magistrate Judge Seibert is required by the standing order to conduct a full and thorough review of the record before

7

issuing his R&R. To contend that Magistrate Judge Seibert did not comport with his duty merely because he disagreed with plaintiff's argument is, at best, baseless. Second, a plain reading of the R&R indicates that Magistrate Judge Seibert *did* conduct his review with the requisite thoroughness. The R&R clearly outlines both the plaintiff's and defendant's contentions, and balances each in turn. As such, the entire foundation upon which plaintiff's argument is based is fundamentally flawed.

Turning to the substantive portions of plaintiff's objection, he first contends that the ALJ, "did not address many of the factors that she was required to address pursuant to SSR 96-7p," including: (1) the location, duration, frequency, and intensity of Mr. Floyd's pain; (2) the factors that precipitated and aggravated his symptoms; (3) the type, dosage, effectiveness, and side effects of any medication he used or had used to alleviate pain or other symptoms; (4) treatment, other than medication he received or had received for relief of pain or other symptoms; or (5) any measures other than treatment he used or had used to relieve pain or other symptoms [Doc. 18 at 2]. In support of that argument, plaintiff notes only that, "Floyd testified extensively about side effects of medications" [Id.]. Additionally, the ALJ specifically noted that, "[After his surgery, Floyd] had pain on the left side, at his surgical area . . .." [Doc. 9-2 at 16]. The ALJ also noted that, "[the medications that Floyd was taking] caused him to be dizzy, have fatigue with some nausea and reflux." [Id.]. The ALJ also discusses both plaintiff's treatment and measures outside of treatment extensively in the decision [Id. at 16-19]. Accordingly, the first portion of plaintiff's objection does not indicate that the ALJ was "patently wrong" in denying his claim for benefits. ***Emigh***, 2015 WL 545833 at *22.

Next, plaintiff contends that "the ALJ mis-characterized some and completely omitted other statements made by Floyd regarding his daily activities" [Doc. 18 at 2]. In support of that argument, plaintiff contends that while the ALJ noted in her opinion that "Floyd 'lived alone, dusted, made simple meals, and loaded the dishwasher,'" she purportedly "ignored the fact that he also testified that his girlfriend, who lived 15 miles away from him, came over daily to help him with tasks like cooking and cleaning." [Id.]. This too is simply untrue, as the ALJ explicitly noted that, "[j]ust after his surgery, his girlfriend would come by every day and do cooking and cleaning for the claimant." [Doc. 9-2 at 16]. The ALJ "carefully considered" this and other evidence in rendering her decision [Id. at 17]. Accordingly, the second portion of plaintiff's objection is also without merit.

As such, this Court finds nothing in plaintiff's objections which could possibly be used to disturb the ALJ's finding. This Court also finds that the ALJ's decision in this matter was supported by substantial evidence. Accordingly, plaintiff's objections are overruled.

## V. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 17]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, plaintiff's Objections **[Doc. 18]** are **OVERRULED**. Thus, plaintiff's Motion for Judgment on the Pleadings **[Doc. 12]** is **DENIED**, and defendant's Motion for Summary Judgment **[Doc. 14]** is **GRANTED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active

docket of this Court. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 29, 2016

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE